## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | INDICTMENT NO. |
| ) | 1:12-CR-350 |
| v.   ) | |
| ) | |
| JENNIFER CHEN,   ) | |
| ) | |
| Defendant.   ) | |

### REQUEST FOR BILL OF PARTICULARS

COMES NOW, Jennifer Chen, by and through her attorneys, and respectfully requests this Court to Compel the Government to furnish a Bill of Particulars as provided by Rule 7(f), Fed.R.Crim.P., and the Due Process Clause of the Fifth Amendment, to advise Defendant concerning vague, ambiguous and incomplete information contained in the indictment.

A Bill of Particulars serves to clearly inform Ms. Chen of the charges against her in order to avoid prejudicial surprise at trial, to allow her to properly prepare her defense, and to protect her against the possibility of being charged a second time with the same offense. *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985); *United States v. White*, 50 F.R.D. 70, 72 (N.D.Ga. 1970); *United States v. Cantu*, 557 F.2d 1173, 1178 (5th Cir. 1977).

The question presented by a motion for a Bill of Particulars requires a two part analysis. *United States v. Thevis*, 474 F. Supp. 117, 123 (N.D.Ga. 1979). First, if the particulars requested are such that the nondisclosure until trial would result in prejudicial surprise to the defendant or the preclusion of an opportunity for meaningful defense preparation, then this request must be granted. *Id.*; *See United States v. Bearden*, 423 F.2d 805, 809 (5th Cir. 1970); *United States v. Sullivan*, 421 F.2d 676 (5th Cir. 1970). Second, if the Court is unable to determine whether nondisclosure would prejudice the defense, then the Court must balance the competing interests. Further, the *Thevis* Court stated, "[I]t would be sufficient for the defense to show the logical probability that nondisclosure would yield prejudicial surprise at trial and the concomitant obviation of a meaningful defense preparation….in resolving areas of doubt when the competing interests are closely balanced, the interests of the defendant in disclosure must prevail." *U.S. v. Thevis*, *supra* at 124.

It is well settled law that, "where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error." *U.S. v. Cole*, *supra* at 760 (quoting *United States v. Crippen*, 579 F.2d 340, 347 (5th Cir. 1978)).

When a Bill of Particulars is properly viewed, it supplements an indictment by providing the Defendant with information necessary for trial preparation. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986); *United States v. Jones*, WL 2071267 (N.D.Ga. 2007). "Furthermore, it is not uncommon for the Government to be required to disclose the names of some potential witnesses in a bill of particulars, where the information is necessary or useful in the defendant's preparation for trial." *Will v. United States*, 389 U.S. 90, 99 (1967). The following information requested in this motion is necessary to supplement the indictment with specific facts in support of the requisite elements of the offenses charged. Denial of the following requested particulars would greatly prejudice the Defendant in her preparation for trial.

The following list contains some of the cases where a motion for a Bill of Particulars was granted:

1. *U.S. v. Ramirez*, 609 F.3d 495 (2nd Cir. 2010)  (In this case, the bill of particulars, though lengthy at 62 pages, significantly condensed the voluminous discovery produced by the prosecution into a form that apprised Rodriguez of what the government would seek to prove at trial).

2. *U.S. v. Chalmers*, 410 F.Supp.2d 278 (S.D.N.Y. 2006)  (Government was required to disclose all statements made by individuals alleged to have been personally involved in the alleged offense).

3. *U.S. v. Minaya*, 395 F.Supp.2d 28 (S.D.N.Y. 2005) (Where the indictment merely stated that the conspiracy operated primarily in the Bronx and Manhattan, the government would be required to give a more specific location of the conspiracy).

4. *U.S. v. Dames*, 380 F.Supp.2d 270 (S.D.N.Y. 2005) (Court ordered that a bill of particulars was needed to clarify a conspiracy count that included the approximate date and location of each occurrence). *See also U.S. v. Ferguson*, 460 F.Supp. 1 (E.D.Tenn. 1977); *U.S. v. Mannino*, 480 F.Supp. 1182 (S.D.N.Y. 1979).

5. *U.S. v. Fine*, 413 F.Supp. 740 (W.D.Wis. 1976) (Identification and location of property damaged in bombing allegedly perpetrated by defendant was proper subject of Bill of Particulars).

6. *U.S. v. Orsini*, 406 F.Supp. 1264 (E.D.N.Y. 1976) (Bill of Particulars granted where defense needed more specificity with regard to certain overt acts charged by the government, including dates, locations, and names and addresses of participants).

7. *U.S. v. Giramonti*, 26 F.R.D. 168 (D.Conn. 1960) (Defendant was entitled to be informed as to the exact place where the offense was allegedly committed and the time it took place).

8. *U.S. v. Will*, 88 S.Ct. 269 (1967) (Defendant entitled to a list of the names and address of the individuals to whom the defendant made certain statements and to a list of individuals who were allegedly present when he supposedly made certain oral admissions).

9. *U.S. v. White*, 50 F.R.D. 70 (N.D.Ga. 1970) (Defendant's request in relation to the general manner in which the crime was allegedly committed and seeking copies of any statements of defendant would be granted).

10. *U.S. v. Barrentine*, 591 F.2d 1069 (C.A. 5th 1979) (Bill of Particulars granted where defendant sought a list of unindicted coconspirators).

11. *U.S. v. Kole*, 442 F.Supp. 852 (S.D.N.Y. 1977) (Defendants were entitled to know what politicans the government would claim at trial had been paid cash and the approximate date and place of such payments).

12. *U.S. v. Pilnick*, 267 F.Supp. 791 (S.D.N.Y. 1967) (Defendant was entitled to the names and addresses of customers and the place where the alleged meetings with the coconspirator occurred).

13. *U.S. v. Taylor*, 707 F.Supp. 696 (S.D.N.Y. 1989) (Defendant entitled to dates that each person joined conspiracy and to information relating to the dates and locations of any meetings or conversations at which government would contend defendant joined conspiracy).

14.   *U.S. v. Ahmad*, 53 F.R.D. 194 (M.D.Pa. 1971) (defendant entitled to information relating to overt acts that the government intended to prove at trial, but which were not listed in the indictment). *See also U.S. v. Covelli*, 210 F.Supp. 589 (N.D.Ill. 1962); *U.S. v. Dioguardi*, 332 F.Supp. 7 (S.D.N.Y. 1971) (in securities fraud prosecution, defendant was entitled to be informed of additional overt acts that the government intended to prove at trial).

15.   *U.S. v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987) (defendant was entitled to have identified in bill of particulars the specific insurance claims that were fraudulent, and which of many invoices submitted to substantiate those claims were allegedly falsified).

16.   *U.S. v. Crisona*, 271 F.Supp. 150 (S.D.N.Y. 1967) (defendant was entitled in false statement prosecution to identify of person to whom he made false statements).

The necessity of a Bill of Particulars in this case reflects the voluminous amount of discovery that has been furnished to the defense. As part of Rule 16 discovery the Government has provided close to 400,000 pages of documents to the defense, the bulk of which is in Mandarin. The Government has also provided a forensic image of an entire computer hard-drive. Though the documents delivered to the defense pursuant to Rule 16 are "searchable," in a basic sense they

are not "sortable" and therefore, there is no way to sort all of the emails by sender, recipient, date sent, subject, etc.  Many witnesses have been interviewed. Moreover, the events that are the subject of the indictment are alleged to have occurred over a four year period, starting over six years ago in May of 2006, lasting until February of 2010.  The indictment as written fails in numerous respects to put Ms. Chen on notice of the crimes she has alleged to have committed.

**Count 1**

1. Identify all unindicted co-conspirators and the dates they joined.

2. State whether the government alleges any co-conspirator abandoned the conspiracy and, if so, identify the date such co-conspirator is alleged to have abandoned the conspiracy.

3. Identify the date that Jennifer Chen joined the conspiracy

4. Each and every time the Indictment states that "others" or a "co-conspirator" carried out or participated in the act alleged, identify who those persons were. See: Pg.2 ¶1, Pg.11 ¶35c., Pg.14 ¶35n., Pg.16 ¶35t., Pg.17 ¶35w., Pg.17 ¶35y., Pg.27 ¶35ccc., Pg.28 ¶35eee..

5. Pgs. 2-4 ¶¶ 2-17: Identify the following for each individual and organization described in the section of the indictment called "The Defendants and Others".

    a. If they are alleged to be a co-conspirator

    b. If so, and not previously covered, the dates they joined the conspiracy.

    c. If they abandoned the conspiracy, the date that occurred.

    d. The correct name for any individuals identified only by initials – see ¶¶9-17.

6. Pg. 2 ¶ 2: Identify the factual basis for the claims that 1) defendant APEGO began doing business as Alcor, and 2) that the change was in response to scrutiny raised by anti-dumping issues.

7. Pg. 7 ¶ 25: Identify the source and provide citations for the laws, regulations and determinations described in this paragraph.

8. Pg. 7 ¶ 26: Identify the source and provide citations for the laws, regulations and determinations described in this paragraph.

9. P. 8 ¶ 29: Identify how was the entry "caused." Identify the "false and fraudulent entry documents." Set forth the basis for the figure of "$20 million."

10. P. 9 ¶31: Identify the "other stratagems."

11. P. 9 ¶32: Identify the "Taiwanese customs officials" to whom the bribes were paid. Identify the dates, locations and manner in which the bribes were paid.

12. P. 9-10 ¶ 33: Identify the "false and fraudulent documents." Identify all individuals that Apego and Gung caused to prepare "false and fraudulent documents." Identify the individuals who presented the documents, the individuals to whom the documents were presented, the date the documents were presented, the location where the documents were presented, and the manner in which the documents were presented.

13. P. 10 ¶ 34: Identify the manner in which "the defendants misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the true causes and nature of the their acts done in furtherance of the conspiracy, and misrepresented, concealed, and caused to be misrepresented and concealed the true nature of the conspiracy."

14. Pgs. 10-29, ¶35: State whether the government alleges that Ms. Chen or any co-conspirator committed any overt act in furtherance of the conspiracy other than as identified in ¶ 35 of the Indictment and, if so, identify each such overt act, including the actor and the date of the act.

15. Pgs. 10-29, ¶35: Identify each e-mail referenced in ¶35.

16. Pg. 11 ¶35d., Pg. 12 ¶35f., Pg. 12 ¶35g.: Identify the documents, the individuals who presented the documents, the individuals to whom the documents were presented, the date the documents were presented, the location where the

documents were presented, and the manner in which the documents were presented.

17. Pgs. 12-13 ¶¶ 35i., 35j., 35k.: Identify the individuals involved in each shipment and the manner in which they caused or assisted in causing that shipment to occur.

18. Pg. 14 ¶ 35o.: Identify the location of the meeting.

19. Pg. 15 ¶ 35r.: Identify the date of the shipment. Identify the "Taiwanese customs officials." Identify any records of this shipment.

20. Pg. 16 ¶ 35u.: Identify the individuals who directed and or assisted H.T. and A.Z. in arranging for the payment of bribes to "Taiwanese customs officials". Identify the "Taiwanese customs officials." Identify the dates, locations and manner in which the bribes were paid.

21. Pg. 18 ¶ 35z.: Identify the "customs officials in Kaohsiung Taiwan" who would no longer accept bribes. Identify the dates that bribes were rejected, the manner of the rejections and the locations the rejections occurred. Identify the individuals who directed and or assisted H.T. and A.Z. in arranging "for the payment of bribes to "Taiwanese customs officials at the post of Keelung". Identify the "Taiwanese customs officials." Identify the dates, locations and manner in which the bribes were paid.

22. Pg. 20 ¶ 35dd., Pgs. 20-21 ¶ 35ee., Pg. 21 ¶ 35gg., Pgs. 21-22 ¶ 35ii.: Identify the individuals who presented the documents, the individuals to whom the documents were presented, the date the documents were presented, the location where the documents were presented, and the manner in which the documents were presented. Identify the freight forwarder.

23. Pg. 21 ¶ 35ff., Pg. 21 ¶ 35hh., Pg. 22 ¶ 35jj., Pg. 23 ¶ 35nn., Pg. 24 ¶ 35oo., Pg. 25 ¶ 35ss., Pg. 25 ¶ 35tt., Pgs. 25-26 ¶ 35uu., Pg. 26 ¶ 35xx., Pg. 26-27 ¶ 35yy., Pg. 27 ¶ 35aaa.: Identify any co-conspirator involved in each shipment and the manner in which they caused or assisted in causing that shipment to occur.

24. Pgs. 22-23 ¶ 35ll., Pg. 23 ¶ 35mm., Pg. 24 ¶ 35pp., Pg.24 ¶ 35qq, Pgs.24-25 ¶ 35rr., Pg. 26 ¶ 35vv., Pg. 26 ¶ 35ww., Pg. 27 ¶ 35zz.: Identify the individuals who presented the documents, the individuals to whom the documents were presented, the date the documents were presented, the location where the documents were presented, and the manner in which the documents were presented.

25. Pg. 28 ¶ 35eee.: Identify the manner in which the apartment was "staked out."  Identify who was directed to "stake out the apartment of A.C." as well as who was directed to "use all contact information for A.C." Identify the manner in which this direction occurred.

26. Pg. 29 ¶ 35ggg.: Identify the employee.

Respectfully submitted, this 25th day of September, 2013.

             GARLAND, SAMUEL & LOEB, P.C.

             _____
             JOHN A. GARLAND
             Ga. State Bar No. 141226

3151 Maple Drive, NE
Atlanta, Georgia  30305
404-262-2225
Fax 404-365-5041
jag@gsllaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
|     Plaintiff,   ) | INDICTMENT NO. |
| ) | 1:12-CR-350 |
| v.   ) | |
| ) | |
| JENNIFER CHEN,   ) | |
| ) | |
|     Defendant.   ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2013, I electronically filed the above "Bill of Particulars" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys and parties of record.

*/s/ John A. Garland*

_____
JOHN A. GARLAND
Ga. State Bar No. 141226

3151 Maple Drive, NE
Atlanta, Georgia  30305
404-262-2225
Fax 404-365-5041
jag@gsllaw.com

13