IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | 1:12-CR-350-SCJ-AJB |
| JENNIFER CHEN | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT ONE AS BARRED BY THE STATUTE OF LIMITATIONS**

The United States of America, by Sally Quillian Yates, United States Attorney for the Northern District of Georgia, and Douglas W. Gilfillan and Christopher J. Huber, Assistant United States Attorneys, files this Response in Opposition to Defendant's Request for a Bill of Particulars (Doc. 63.)

Defendant filed her request for Bill of Particulars without and before discussion between the parties about the matters her request seeks. Undersigned counsel and Defendant's counsel have since conferred about the matters sought in her Request for Bill of Particulars. The Government has provided Defendant with information relating to identification of unindicted co-conspirators and when such individuals joined and left the conspiracy; whether any co-conspirators abandoned their illegal agreement and if so, when that occurred; and the period that Defendant Chen was involved in the conspiracy charged in

Count One.[1]  The Government also provided Defendant with a table identifying the individuals and companies alleged by initials or pseudonyms in the indictment.

All of the Defendant's additional requests are evidentiary in nature, seeking further factual details or explanation of how the Government intends to prove various allegations in the indictment.  As the Court knows from prior discussions with the parties, the Government has produced evidence in this case in electronic form that is or should be searchable in various ways and has produced witness statements to the Defendant.

Without waiving the Government's objections to these types of evidentiary requests, which are not proper subjects for a bill of particulars, the Government has identified additional evidentiary matters for Defense counsel, discussed with Defense counsel where evidentiary matters may be located in the discovery produced in this case, and for some evidentiary matters, explained how such matters may be located by searching the electronic discovery.  For certain matters, the Government also explained the types of witnesses or evidence it intends to use to prove certain allegations in the indictment (for example, the type of evidence or witnesses that will be offered to prove up shipments of paper

---

[1] The Government explained to Defendant's counsel that its translation and review of the numerous emails between individuals involved in the conduct alleged in the indictment is ongoing.  As Defendant knows, many if not most of these emails are completely or partially written in Mandarin Chinese.  The Government will supplement the information it has provided Defendant if and when the translation and review of such emails results in new or different information.

exported into the U.S., which was the subject of several of Defendant's requests). And the Government explained to Defendant's counsel where the request for evidentiary materials was premised on assumptions that appear incorrect, such that the Government does not have further evidence to provide on such allegations at this time. The Government is willing to continue discussion of these reasonable types of questions or requests about the discovery and evidence going forward in this case.

The Government's willingness to address these matters with Defendant's counsel, however, does not reflect a lack of opposition to, or its relinquishment of sound legal grounds supporting a rejection of, a bill of particulars for evidentiary matters and methods of proof in this case. At the last conference with the Court, the Court stated that it is well familiar with the law governing requests for bill of particulars and that the Government need not address that law in responding to Defendant's request. Thus the Government will not set out in detail or argue its view of the law and the numerous cases Defendant cites. It bears noting however, that many of those cases were decided in a different era in which discovery probably involved far fewer documents and discovery that was not readily searchable by electronic means. Certainly those cases did not involve, as here, discovery of email from the period in question documenting the conduct charged in the indictment. Such email is electronically searchable by both parties. These things greatly facilitate defense counsel's ability to identify factual details and evidentiary matter produced in discovery, making a bill of particulars unnecessary for a defendant's preparation for trial (the double

jeopardy justification for a bill is not at issue here given the specificity of the allegations in the indictment).  It also bears noting that the more recent cases cited by Defendant may order an additional disclosure of discrete facts by way of a bill of particulars, but such cases also include rejections of requests for bill of particulars on other evidentiary and method of proof requests.  The Government could readily canvas and cite or distinguish the same cases in opposing a bill of particulars seeking evidentiary material and methods of proof in a case in which electronic, searchable discovery and witness statements have been produced, as here.

//

//

//

//

//

//

[continued on next page]

//

//

//

//

//

//

//

4

**CONCLUSION**

It is the Government's understanding from Defense counsel that Defendant is satisfied with the information and explanations that the Government has provided and is willing to provide should Defendant have additional questions. Accordingly, the Court does not need to, and should not, order the Government to provide a bill of particulars in this case. For the foregoing reasons, the Government respectfully requests that the Court deny Defendant's Request for a Bill of Particulars (Doc. 63).

Respectfully submitted,

SALLY QUILLIAN YATES
*United States Attorney*


/s/DOUGLAS W. GILFILLAN
*Assistant United States Attorney*
Georgia Bar No. 294713
doug.gilfillan@usdoj.gov


600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

**Certificate of Service**

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

October 24, 2013

/s/ DOUGLAS W. GILFILLAN

DOUGLAS W. GILFILLAN

*Assistant United States Attorney*