IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA :
:
v. : CRIMINAL CASE NO.
: 1-12-CR-350-03-SCJ
JENNIFER CHEN, :
:
Defendant. :
:

## ORDER

This matter appears before the Court for consideration of the magistrate judge's February 14, 2014 Report and Recommendation ("R&R") (Doc. No. [81]), in which The Honorable Alan J. Baverman, United States Magistrate Judge, recommended that Defendant Jennifer Chen's motion to dismiss the indictment (on the grounds that it was filed after the applicable statute of limitations had run) be denied.

The Court incorporates by reference the factual allegations and legal standard stated in the R&R.

As stated in the R&R, Defendant Jennifer Chen is charged in Count One of a multiple-count/multiple-defendant indictment, which was returned on October 17, 2012. Doc. No. [1]. In that count, Defendant Chen is charged with conspiring with others, in violation of 18 U.S.C. § 371, to violate the antidumping

customs laws of the United States related to lined paper products manufactured in the People's Republic of China. Id. The indictment alleges that from "at least in or about May 2006 through in or about February 2010," the defendants conspired:

> (a) to enter, introduce and attempt to enter and introduce merchandise into the commerce of the United States, to wit, certain lined paper products imported from the People's Republic of China, by means of invoices and bills of lading that defendants knew to be fraudulent and false, in violation of Title 18, United States Code, Section 542; and
>
> (b) to knowingly effect an entry of goods, wares, or merchandise, to wit, certain lined paper products imported from the People's Republic of China into the Ports of Los Angeles, Norfolk, Newark, Atlanta, Oakland and other U.S. ports, at less than the true weight or measure thereof, and with a false classification as to quality or value, and by the payment of less than the amount of duty legally due, in violation of Title 18, United States Code, Section 541.

Id. at 1-2. The indictment further alleges that Defendant Chen was the chief financial officer of co-defendant Apego, Inc., a company headquartered in this District, which the indictment describes as being in the business of importing, exporting, and manufacturing stationery products. Id. at 2-3. Under the heading "Manner and Means of the Conspiracy," the indictment alleges that the defendants accomplished the objects of the conspiracy by (1) using false entry documents to avoid antidumping duties, [id. at 8 (¶ 29)]; (2) purchasing lined

AO 72A
(Rev.8/82)

paper products in China which were subject to antidumping duties, [id. at 8-9 (¶ 30)]; (3) using various strategies to make the lined paper products manufactured in China to appear as if they were manufactured in Taiwan, [id. at 9 (¶ 31)]; (4) bribing Taiwanese officials to allow U.S.-bound lined paper products lacking country-of-origin labels or mislabeled "Made in Taiwan" to enter Taiwan from China, [id. (¶ 32)]; (5) preparing false and fraudulent documents for entry into the United States of Chinese-made lined paper products, [id. at 9-10 (¶ 33)]; and (6) misrepresenting, concealing, and hiding the true causes and nature of their acts done in furtherance, and the true nature, of the conspiracy, [id. at 10 (¶ 34)].

The indictment then alleges fifty-nine overt acts committed in furtherance of the conspiracy, all of which occurred more than five years before the return of the indictment, except the last three, which allege:

> eee. In or about April 2008, defendant Chi-Cheng Gung, a/k/a "Curtis Gung," as part of an effort to conceal the conspiracy by retrieving a laptop containing incriminating information by his recently terminated assistant, A.C. [an Apego employee], together with defendant Jennifer Chen, staked out and directed other APEGO employees to stake out the apartment of A.C. around the clock, and directed APEGO employees to use all contact information for A.C. at their disposal to try to find A.C.
>
> fff. On or about April 28, 2008, defendant CHI-CHENG GUNG, a/k/a "Curtis Gung," sent an email to APEGO employee E.T., stating that one option for dealing with defendant Gung's recently

3

terminated assistant, A.C., was to "File crime and arrest [A.C.] but think about the Anti-dumping information released to US customs by [A.C.] if she is really piss [sic] off."

ggg. In or about February 2010, during the exit interview for an employee departing defendant Apego, defendant Jennifer Chen warned the employee in person at the company's head office in Georgia not to disclose what the employee had learned about the anti-dumping duty evasion scheme.

Id. at 28-29.

The parties agree that the applicable statute of limitations for the crime of conspiracy under 18 U.S.C. § 371 is five years. Doc. No. [81], p. 7 (citing 18 U.S.C. § 3282(a) (providing that an offender must be prosecuted "within five years next after such offense shall have been committed")).

Also as stated in the R&R, Defendant Chen contends that the indictment against her must be dismissed because the statute of limitations had run when the indictment was returned on October 17, 2012. Doc. No. [81], p. 4 (citing Doc. No. [58]). Specifically, she alleges that none of the overt acts alleged to have been committed in furtherance of the conspiracy occurred within the five-year statute of limitations, and the final three overt acts, which are alleged to have occurred less than five years before the indictment was returned, do not qualify as acts in furtherance of the completed conspiracy but are rather merely acts to conceal an

4

already completed conspiracy. Id. (citing Doc. No. [58] at 4-5; Doc. No. [58-1] at 2-6). She also argues that the government's request for evidence from Taiwan, which ordinarily would toll the limitations period until the evidence was received, was invalid because the supporting affidavit was insufficient. Id. (citing Doc. No. [58] at 5-7; Doc. No. [ 58-1] at 6-21].)

As stated above, the magistrate found against Defendant's arguments and recommended that the motion to dismiss be denied. Doc. No. 81.

On March 21, 2014, Defendant filed objections to the R&R.[1] Doc. No. 85. Defendant's objections are as follows:

1) Absent a tolling under 18 U.S.C. §3292, the allegations in the Indictment are not within the Statute of Limitations.[2]

---

[1] Defendant's objections are untimely in that they were not filed within fourteen days of the R&R in accordance with the magistrate's instruction at Doc. No. [82]. Said objections are subject to being overruled on this ground alone. In the interest of caution, the Court has considered the merits of the objections, as stated above.

[2] Defendant also argues a number of sub-arguments, as follows:
    a) The Court should not accept the Government's allegation that the conspiracy was in existence up to February of 2010.
    b) Assuming there was no tolling of statute of limitations under §3292, the Government must prove that after October 17, 2007, five years prior to the indictment on October 17, 2012:
        1) an overt act in furtherance of the conspiracy occurred,
        2) the conspiracy was ongoing at the time the overt act was committed.
    c) The indictment only alleges three acts inside the limitations period, each of which are acts of concealment.
    d) Whether these alleged acts of concealment were in furtherance

5

2) The tolling order issued by the district court did not toll the statute of limitations, as the district court's order does not satisfy the requirements of 18 U.S.C. § 3292.

Id.

When such objections are filed, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

---

of the conspiracy depends on the characterization of the central purposes of the conspiracy.
e) The Court should reject the Government's theory and the Magistrate's ruling because they have the untenable consequence of virtually eliminating the statute of limitation in every conspiracy prosecution.
f) The Government's theory and the Magistrate's ruling eliminate the natural distinction between normal acts concealment that necessarily follow every crime and acts of concealment that are necessary to achieve the goals of the conspiracy.
g) The facts of this case are not similar to the cases relied upon by the Government.
h) The central criminal purposes of the conspiracy were obtained prior to the acts of concealment in April 2008, April 28, 2008 and February 2010.
Doc. No. [85].

After *de novo* review, the Court adopts the findings, citations of authority,[3] and recommendation of the magistrate. "The Court concludes that the indictment was timely returned because the three overt acts occurring less than five years before the return of the instant indictment were in furtherance of one of the charged conspiracy's objectives: underpayment of lawful customs duties." Doc. No. [81], p. 10. The Court is also unable to uphold Defendant's argument that this conclusion renders the statute of limitations unending or illusory. Id. at p. 12. The Court further finds that the tolling order issued by Judge Story (Doc. No. [71-1]) satisfies the requirements of 18 U.S.C. § 3292. Defendant Chen's arguments and objections to the contrary are overruled.

## CONCLUSION

After *de novo* review, the Court hereby **ADOPTS** the R&R (Doc. No. [81]) as the Order of the Court.

Defendant's objections (Doc. No. [85]) are **OVERRULED**.

Defendant's Motion to Dismiss the Indictment as Being Barred by the Statute of Limitations (Doc. No. [58]) is **DENIED**.

---

[3] The Court corrects the typographical error found in the R&R's Grunewald cite at Doc. No. 81, p. 6 as follows: Grunewald v. United States, 353 U.S. 391, 401-02 (1957).

IT IS SO ORDERED, this 15th day of October, 2014.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)